IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK DOMINIC DUNDEE, | ) | CASE NO. 1:22CV01351 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT UNIVERSITY** |
| UNIVERSITY HOSPITALS HEALTH | ) | **HOSPITALS HEALTH SYSTEM INC.'S** |
| SYSTEM, INC., | ) | **ANSWER TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| Defendant. | ) | |
| | ) | |

NOW COMES Defendant Geauga Medical Center, incorrectly identified in the Complaint as University Hospitals Health System, Inc. ("Geauga")[1], by and through undersigned counsel, and for its Answer to the Complaint of Plaintiff Frank Dominic Dundee ("Plaintiff") states as follows:

**Statement of Claim**

1. Geauga admits that Plaintiff sought accommodations at various points during his employment with Geauga and Geauga provided accommodations to him, but Geauga denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Geauga denies the allegations contained in Paragraph 1-1 of the Complaint.

3. The allegations contained in Paragraph 1-2 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 1-2 alleges facts, Geauga denies all allegations.

---

[1] Plaintiff named an improper defendant in his Complaint. On November 3, 2022, counsel for Geauga wrote to Plaintiff and asked him to substitute Geauga Medical Center as it is the proper defendant in this case.

4. The allegations contained in Paragraph 1-3 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 1-3 alleges facts, Geauga denies all allegations.

5. Geauga denies the allegations contained in Paragraph 1-4 of the Complaint.

6. Geauga denies the allegations contained in Paragraph 1-5 of the Complaint.

7. Geauga denies the allegations contained in Paragraph 1-6 of the Complaint.

8. Geauga denies the allegations contained in Paragraph 1.7 of the Complaint.

9. Geauga admits that Plaintiff filed charges with the EEOC at various times, but is without information or knowledge sufficient to form a belief as to the trust of the allegations contained in Paragraph 1-8 of the Complaint and, therefore, denies them.

10. Geauga denies the allegations contained in Paragraph 1-9 of the Complaint.

11. Geauga denies the allegations contained in Paragraph 2 of the Complaint.

12. Geauga admits that it contacted Plaintiff's physician regarding recommendations for accommodations, but denies all remaining allegations in Paragraph 2-1 of the Complaint.

13. Geauga denies the allegations contained in Paragraph 2-2 of the Complaint.

14. Geauga denies the allegations contained in Paragraph 2-3 of the Complaint.

15. The allegations in Paragraph 2-4 of the Complaint state a legal conclusion and do not require a response from Geauga, however, to the extent a response is required, Geauga denies all allegations.

16. The allegations in Paragraph 2-5 of the Complaint state a legal conclusion and do not require a response from Geauga, however, to the extent a response is required, Geauga denies all allegations.

17. Geauga denies the allegations contained in Paragraph 3 of the Complaint.

18. Geauga admits only that Plaintiff was terminated on June 18, 2020, and denies all remaining allegations contained in Paragraph 4 of the Complaint.

19. Geauga denies the allegations contained in Paragraph 4-1 of the Complaint.

20. The allegations contained in Paragraph 4-2 state a legal conclusion and do not require a response from Geauga, however, to the extent Paragraph 4-2 allege facts, Geauga denies all allegations.

21. The allegations contained in Paragraph 4-3 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 4-3 alleges facts, Geauga denies all allegations.

22. Geauga denies the allegations contained in Paragraph 4-4 of the Complaint.

23. Geauga denies the allegations contained in Paragraph 4-5 of the Complaint.

24. Geauga denies the allegations contained in Paragraph 4-6 of the Complaint.

25. Geauga denies the allegations contained in Paragraph 4-7 of the Complaint.

26. Geauga denies the allegations contained in Paragraph 4-8 of the Complaint.

27. Geauga denies the allegations contained in Paragraph 4-9 of the Complaint.

28. Geauga denies the allegations contained in Paragraph 4-10 of the Complaint.

29. Geauga denies the allegations contained in Paragraph 4-11 of the Complaint.

30. Geauga admits making the statement in quotation marks to the EEOC, but, denies all remaining allegations contained in Paragraph 4-8[2] of the Complaint.

31. The allegations contained in Paragraph 4-9 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 4-9 alleges facts, Geauga denies all allegations.

---

[2] Plaintiff uses the numbers for Paragraphs 4-8 through 4-11 twice. Paragraphs 29-33 of the Answer address the second set of Paragraphs numbered 4-8 through 4-11.

32. The allegations contained in Paragraph 4-10 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 4-10 alleges facts, Geauga denies all allegations.

33. The allegations contained in Paragraph 4-11 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 4-11 alleges facts, Geauga denies all allegations.

34. Geauga admits making the statements in italics, however, Geauga denies all remaining allegations contained in Paragraph 4-12 of the Complaint.

35. Geauga admits deposing Plaintiff on March 10, 2020, but, denies all remaining allegations contained in Paragraph 4-13 of the Complaint.

36. Geauga admits that Plaintiff was terminated on June 18, 2020, but, denies all remaining allegations contained in Paragraph 5 of the Complaint.

37. Geauga denies the allegations contained in Paragraph 5-1 of the Complaint.

38. Geauga denies the allegations contained in Paragraph 5-2 of the Complaint.

39. The allegations contained in Paragraph 5-3 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 5-3 alleges facts, Geauga denies all allegations.

40. Geauga denies the allegations contained in Paragraph 5-4 of the Complaint.

41. The allegations contained in Paragraph 5-5 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 5-5 alleges facts, Geauga denies all allegations.

42. The allegations contained in Paragraph 5-6 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 5-6 alleges facts, Geauga denies all allegations.

43. The allegations contained in Paragraph 5-7 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 5-7 alleges facts, Geauga denies all allegations.

44. Geauga denies the allegations contained in Paragraph 5-8 of the Complaint.

45. Geauga denies the allegations contained in Paragraph 5-9 of the Complaint.

46. Geauga denies the allegations contained in Paragraph 5-10 of the Complaint.

47. Geauga denies the allegations contained in Paragraph 5-11 of the Complaint.

48. Geauga denies the allegations contained in Paragraph 5-12 of the Complaint.

49. The allegations contained in Paragraph 5-13 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 5-13 alleges facts, Geauga denies all allegations.

50. Geauga denies the allegations contained in Paragraph 5-14 of the Complaint.

51. Geauga denies the allegations contained in Paragraph 5-15 of the Complaint.

52. Geauga denies the allegations contained in Paragraph 6 of the Complaint.

53. Geauga denies the allegations contained in Paragraph 6-1 of the Complaint.

54. Geauga denies the allegations contained in Paragraph 6-2 of the Complaint.

55. Geauga admits making the statement in italics to the EEOC, but, further answering, states that the remaining allegations contained in Paragraph 6-3 of the Complaint do not require a response as they state a legal conclusion, but to the extent the remaining allegations alleges facts, Geauga denies all allegations.

56. Geauga admits the statement made by Attorney Israel, but, denies all the remaining allegations contained in Paragraph 6-4 of the Complaint.

57. Geauga denies the allegations contained in Paragraph 6-5 of the Complaint.

58. Geauga denies the allegations contained in Paragraph 6-6 of the Complaint.

59. Geauga denies the allegations contained in Paragraph 6-7 of the Complaint.

60. Geauga is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6-8 of the Complaint and, therefore, denies them.

61. Geauga denies the allegations contained in Paragraph 7 of the Complaint.

62. Geauga denies the allegations contained in Paragraph 8 of the Complaint.

63. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

64. Geauga denies the allegations contained in Paragraph 10 of the Complaint.

65. The allegations contained in Paragraph 11 of the Complaint do not require a response as they state a legal conclusion, however, to the extent Paragraph 11 alleges facts, Geauga denies all allegations.

66. Geauga admits that it had discussions with Plaintiff regarding his accommodations requests, but, denies all remaining allegations in Paragraph 12 of the Complaint.

67. Geauga denies the allegations contained in Paragraph 13 of the Complaint.

68. Geauga denies the allegations contained in Paragraph 14 of the Complaint.

69. Geauga denies the allegations contained in Paragraph 15 of the Complaint.

70. Geauga denies the allegations contained in Paragraph 16 of the Complaint.

71. Geauga denies the allegations contained in Paragraph 17 of the Complaint.

72. Geauga denies the allegations contained in Paragraph 18 of the Complaint.

73. Geauga denies the allegations contained in Paragraph 18-1 of the Complaint.

74. Geauga denies the allegations contained in Paragraph 18-2 of the Complaint.

75. Geauga denies the allegations contained in Paragraph 18-3 of the Complaint.

76. Geauga denies the allegations contained in Paragraph 19 of the Complaint.

77. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies them.

78. Geauga denies the allegations contained in Paragraph 21 of the Complaint.

79. Geauga denies the allegations contained in Paragraph 22 of the Complaint.

80. Geauga admits that Plaintiff sent the email text in italics in Paragraph 23 of the Complaint, but, denies all the remaining allegations contained in Paragraph 23 of the Complaint.

81. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23-1 of the Complaint and, therefore, denies them.

82. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies them.

83. Geauga denies the allegations contained in Paragraph 25 of the Complaint.

84. Geauga denies the allegations contained in Paragraph 26 of the Complaint.

85. Geauga denies the allegations contained in Paragraph 27 of the Complaint.

86. Geauga denies the allegations contained in Paragraph 28 of the Complaint.

87. Geauga denies the allegations contained in Paragraph 29 of the Complaint.

88. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies them.

89. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies them.

90. Geauga denies the allegations contained in Paragraph 32 of the Complaint.

91. Geauga admits that Plaintiff sent the email quoted in Paragraph 32-1 of the Complaint, but, denies all remaining allegations contained in Paragraph 32-1 of the Complaint.

92. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-2 of the Complaint and, therefore, denies them.

93. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-3 of the Complaint and, therefore, denies them.

94. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-4 of the Complaint and, therefore, denies them.

95. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-5 of the Complaint and, therefore, denies them.

96. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-6 of the Complaint and, therefore, denies them.

97. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-7 of the Complaint and, therefore, denies them.

98. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-8 of the Complaint and, therefore, denies them.

99. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-9 of the Complaint and, therefore, denies them.

100. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-10 of the Complaint and, therefore, denies them.

101. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-11 of the Complaint and, therefore, denies them.

102. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-12 of the Complaint and, therefore, denies them.

103. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-13 of the Complaint and, therefore, denies them.

104. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-14 of the Complaint and, therefore, denies them.

105. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-15 of the Complaint and, therefore, denies them.

106. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-16 of the Complaint and, therefore, denies them.

107. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-17 of the Complaint and, therefore, denies them.

108. Geauga admits that Plaintiff sent the email quoted in Paragraph 32-18 of the Complaint, but, denies all remaining allegations contained in Paragraph 32-18 of the Complaint.

109. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-19 of the Complaint and, therefore, denies them.

110. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-20 of the Complaint and, therefore, denies them.

111. Geauga admits that Plaintiff sent the email quoted in Paragraph 32-21 of the Complaint, but, denies all remaining allegations contained in Paragraph 32-21 of the Complaint.

112. Geauga admits that Plaintiff sent the email quoted in Paragraph 32-22 of the Complaint, but, denies all remaining allegations contained in Paragraph 32-22 of the Compliant.

113. Geauga admits that Plaintiff sent the email quoted in Paragraph 32-23 of the Complaint, but, denies all remaining allegations contained in Paragraph 32-23 of the Complaint.

114. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-24 of the Complaint and, therefore, denies them.

115. Geauga admits that Plaintiff sent the email quoted in Paragraph 32-25 of the Complaint, but, denies all remaining allegations contained in Paragraph 32-25 of the Complaint.

116. Geauga is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32-26 of the Complaint and, therefore, denies them.

117. Geauga denies the allegations contained in Paragraph 33 of the Complaint.

118. Geauga denies Plaintiff is entitled to any relief from Geauga, including the relief sought in the General Prayer for Relief of the Complaint.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint fails to join a necessary party.

3. The Complaint is barred by the applicable statute of limitations.

4. The Complaint is barred by the doctrines of waiver, release, and estoppel.

5. Plaintiff has failed to mitigate his damages.

6. Plaintiff's damages, if any, were solely the result of his own actions or inactions, unaffected by Geauga in any way.

7. Plaintiff's alleged damages are not recoverable because they are remote and speculative.

8. Any action taken by Geauga, which action was adverse to Plaintiff in regards to his terms and conditions of employment, was for legitimate, non-discriminatory, and/or non-retaliatory reasons.

9. The Complaint is barred because Geauga did not know or have reason to know of any alleged discriminatory conduct and was not given the opportunity to take prompt remedial action.

10. At all times, Geauga acted with an honest belief that all decisions regarding Plaintiff and/or Plaintiff's employment were done for legitimate, non-discriminatory, and non-retaliatory reasons.

11. There is no basis in fact for Plaintiff to seek an award of punitive damages against Geauga and any claim for punitive damages is barred because Geauga acted, at all times, in good faith to comply with applicable anti-discrimination laws.

12. Geauga did not willfully violate any law, and any actions taken by Geauga in connection with Plaintiff's employment were taken in good faith.

13. At all times, Geauga complied with the requirements of the Americans with Disabilities Act, including but not limited to, making inquiries or examinations that were job related and consistent with business necessity, engaging in the interactive process, and to the extent accommodations were not provided, it was because they required a fundamental alteration of the services provided, a change in the essential functions of Plaintiff's job, presented undue hardship, and/ or were not reasonable.

14. Geauga exercised reasonable care to prevent and/or promptly correct any discriminatory conduct and Plaintiff's claims are, therefore, barred.

15. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Geauga or otherwise to avoid harm and his claims are, therefore, barred.

16. Plaintiff's claims may be foreclosed and his damages may be limited by the after-acquired evidence doctrine.

17. Geauga would have taken the same actions regardless of Plaintiff's exercise of his rights under any Federal law and/or his engagement in any other protected activity.

18. University Hospitals Health System, Inc. is not the proper Defendant as it was not Plaintiff's employer.

19. The damages alleged are limited by Federal law.

20. Geauga hereby gives notice that it intends to rely on defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend this Answer to assert such defenses as they become available.

WHEREFORE, having fully answered, Geauga requests that the Complaint be dismissed at Plaintiff's costs, and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Jo A. Tatarko_____
Kerin Lyn Kaminski (00013522)
Jo A. Tatarko (0082062)
PEREZ & MORRIS, LLC
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: 216-621-5161
Facsimile: 216-621-2399
E-mail: kkaminski@perez-morris.com
jtatarko@perez-morris.com

*Counsel for Defendant Geauga Medical Center, incorrectly identified as University Hospitals Health Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 1st , 2022, a true and correct copy of *University Hospitals Health Systems' Answer to Plaintiff's Complaint* was served:

Via Regular U.S. Mail, postage prepaid, upon the following Parties:

Frank Dominic Dundee
7707 Amberwood Trail
Boardman, Ohio 44512
***Pro Se Plaintiff***

>  */s/ Jo A. Tatarko*_____
> Jo A. Tatarko (0082062)
>
> ***Counsel for Defendant Geauga Medical Center, incorrectly identified as University Hospitals Health Systems, Inc.***