FILED

DEC 27 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

## UNITED STATES DISTRICT COURT DISTRICT OF NORTHERN OHIO

FRANK DOMINIC DUNDEE,                 CASE NO. **1:22CV01351**
PLAINTIFF                              JUDGE DAN AARON POLSTER
vs                                     MAGISTRATE JUDGE
UNIVERSITY HOSPITALS HEALTH SYSTEM, INC     THOMAS M. PARKER
DEFENDANT

## Judicial Notice of Adjudicative Fact in Response to Questions of Res Judicata Raised at the Case Management Conferences on 12/16/2022 and 12/20/2022

The action before the Court, CASE NO. 1:22cv01351, is in no way a re-litigation nor extension of the civil action lawsuit, Dundee v. University Hospitals Health Systems, Inc., et al., N.D. Ohio Case No. 1:19-cv-0114:1, despite statements to the contrary made by Defense counsel at the CMC on December 16, 2022. The cause of action in each compliant is independent of one another.

At the Case Management Conference held on December 16, 2022 and again on December 20, 2022, the Court stated that the Plaintiff's case presented issues of Res Judicata and therefore the Court stated that a <u>cause of action</u> may not be relitigated once it has been judged on the merits and that the Plaintiff's complaint would be subject to "finality" when the Court renders a final judgment.

1

The Court stated at the CMC on 12/20/2022, that the Plaintiff is prohibited from using any evidence prior to February 2020, in his complaint 1:22cv01351, as the Court places it under the Doctrine of Res Judicata. Such a prohibition would severely and detrimentally affect the Plaintiff in his pursuit of justice under Title I of the ADA, failure to provide a reasonable accommodation.

For that reason, the Plaintiff is compelled to seek judicial notice once again and calls on the Court to decide whether the adjudicative fact, explained conclusively below, is not subject to "reasonable dispute." Refusal by the Court to take judicial notice could result in a determination of reversible error if the grounds for judicial notice are properly established by the Plaintiff:

1. EEOC Charge Number 532-2020-02558, Frank Dundee vs. University Hospitals was submitted on 08-15-2020. The Plaintiff was subsequently issued a Right to Sue Letter by the EEOC, leading directly to the Federal civil discrimination complaint currently before the Court, 1:22cv01351.

2. The EEOC did not refuse to pursue this charge, 532-2020-02558, against University Hospitals on the grounds that it was a re-litigation of the two charges the Plaintiff filed with the EEOC previously against University Hospitals, EEOC charges 533-2017-01275 and 22A-2018-02065. The EEOC gave the Plaintiff express permission to file a civil suit in Federal Court with the issuance of a Right to Sue letter based on the EEOC charge 532-2020-02558.

3. The EEOC did not in any way view the charge, 532-2020-02558, as having the same cause of action presented in the two charges, 533-2017-01275 and 22A-2018-02065. The following email explains succinctly those previous charges with the EEOC (Note: the

"medical exam" mentioned in the email was not an exam that dealt with the Plaintiff's disability, Hereditary Spastic Paraplegia. It was a mandated examination by a psychiatrist, automatically triggered by the UH progressive discipline policy):

**EEOC charges 533-2017-01275 and 22A-2018-02065**
**BRIAN SHELTON <BRIAN.SHELTON@eeoc.gov> Feb 27, 2019, 4:29 PM**
**to me**: *Mr. Dundee, Your charges against University Hospitals have been reviewed by the Director and she believes these charges are no cause. Her conclusions were: that the medical exam you were subjected to was not unlawful. No ADA violation. That you participated in protected activity but there was no causation or link between the protected activity and the adverse action, therefore, no unlawful retaliation. the additional evidence you submitted was not enough for the EEOC to believe that further investigation would result in a cause finding. Your cases will be closed and your right to sue letters will be re-issued.*

4. The Federal civil discrimination complaint currently before the Court, 1:22cv01351, **is a failure to accommodate claim**, based on the Plaintiff's disability of Hereditary Spastic Paraplegia. It is an ADA claim, but it is not in any sense a re-litigation or continuation of the ADA claim in Dundee v. University Hospitals Health Systems, Inc., et al., N.D. Ohio Case No. 1:19-cv-0114:1.

The Plaintiff Pro Se finds it necessary to file this judicial notice to improve the understanding of the Court regarding this complaint, 1:22cv01351. The two Case Management Conferences, on December 16, 2022 and on December 20, 2022, revealed a need on the part of the Plaintiff to file judicial notice. This judicial notice is not intended as a substitute for the Court's welcome efforts at mediation and is made respectfully and in good faith.

Respectfully submitted,

/s/ Frank Dundee

Frank Dominic Dundee, Plaintiff Pro Se

Date: 12.21.2022

7707 Amberwood Trail
Boardman, Ohio 44512
fdundee@gmail.com
330-398-8274

Frank Dunder
9209 Auberwood Trail
Boardman, Ohio 44512

CLEVELAND OH 440
22 DEC 2022

Clerk of Courts Office
Thomas D. Lambros Courthouse
125 Market Street
Youngstown, Ohio 44503

44503-178087